UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASZELL REEDER,

                           Plaintiff,

-against-

CORRECTION OFFICER "JANE DOE'"
CORRECTION OFFICER "JOHN DOE"; K.
MATTHEWS; NURSE JANE DOE; SGT.
JOHN DOE,

                           Defendants.

24-CV-3127 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff files this action *pro se* and seeks to proceed *in forma pauperis* ("IFP").[1] On July 31, 2024, the Court (1) found that while Plaintiff was a prisoner, he had filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim,[2] and (2) ordered Plaintiff, within thirty days, to show cause by declaration why he should not be barred under the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing federal civil actions IFP in this court while he is a prisoner. Plaintiff filed a declaration on August

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of New York on December 23, 2023. By order dated April 12, 2024, Chief Judge Brenda K. Sannes determined that venue for this action was not proper in the Northern District and transferred the action to this court. (ECF 4, at 6-7.) Plaintiff is also permanently enjoined under 28 U.S.C. § 1651 from filing any pleadings as a *pro se* plaintiff in the Northern District without prior permission from the Chief Judge of that court. *See In Re Raszell Reeder*, No. 9:18-PF-0004 (BKS) (N.D.N.Y. Oct. 9, 2018).

[2] The Court identified the following actions as strikes: (1) *Reeder v. McCabe*, No. 21-CV-4324 (S.D.N.Y. June 14, 2021) (action dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)); (2) *Reeder v. Koenigsmann*, No. 16-CV-1129 (N.D.N.Y. Mar. 26, 2018) (action dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and Section 1915(e)(2)(B)(ii)); and (3) *Reeder v. Koenigsmann*, No. 18-1135 (2d Cir. Nov. 19, 2018) (appeal dismissed as frivolous).

21, 2024, but the declaration does not provide sufficient reason not to impose the above bar order.

## DISCUSSION

Plaintiff does not challenge the Court's determination that he has accumulated three strikes and is therefore barred under Section 1915(g). Plaintiff instead appears to assert that the complaint satisfies the "imminent danger" exception to the bar. Under this exception, a prisoner may bring a civil action notwithstanding his having accumulated three strikes if the complaint demonstrates that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A danger "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) is not an imminent one; rather, the danger must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). Allegations of past violence can satisfy the imminent danger exception, however, when the past harms are part of an ongoing pattern that is continuing. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("An allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception."). The complaint must also "reveal a nexus between the imminent danger it alleges and the claim it asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). In evaluating whether such a nexus exists, the Court should consider "(1) whether the imminent danger of serious physical injury . . . allege[d] is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99 (emphasis in original).

In his declaration, Plaintiff largely repeats the factual allegations set forth in the complaint. He alleges that, when he was incarcerated at Green Haven Correctional Facility, another prisoner threw feces at him. A John Doe Sergeant later placed that inmate and Plaintiff

on the same bus to Mid-State Correctional Facility. Plaintiff alleges that, while on the bus to Mid-State, he was attacked by ten inmates, including the individual who had previously thrown feces at him. He asserts that a John Doe Sergeant from Green Haven and Green Haven Correction Officer K. Matthews failed to prevent the attack and did nothing to prevent Plaintiff from being housed in the same facility as the inmates who attacked him on the bus.

As discussed in the Court's July 31, 2024 order, Plaintiff's allegations do not suggest that he was in imminent danger of serious physical injury at the time he filed the complaint. The events giving rise to Plaintiff's claims occurred on April 20, 2023, eight months before he filed the complaint in this action. Most of the defendants he seeks to sue are employed at Green Haven, where he was previously incarcerated before he filed this complaint. While he names a Jane Doe nurse employed at his current facility, he alleges no specific facts against this defendant in the complaint. Furthermore, Plaintiff alleges no facts suggesting that any past harm he experienced was part of an ongoing pattern that existed at the time he filed the complaint or that a favorable judicial outcome awarding him the relief he seeks – money damages against correction officers at Green Haven and a Jane Doe nurse at Mid-State – would redress any imminent danger of serious physical injury.

The Court therefore finds Plaintiff to be barred under Section 1915(g) and that he does not allege facts suggesting that he is in imminent danger of serious physical injury, and dismisses this action without prejudice under Section 1915(g).

## CONCLUSION

The Court finds that while Plaintiff was a prisoner, he filed three or more cases that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted. Because Plaintiff has not shown cause why the bar order should

not be imposed, Plaintiff is barred from filing future actions IFP in this court while he is a prisoner unless he is under imminent threat of serious physical injury.

The Court denies Plaintiff's request to proceed IFP and dismisses the complaint without prejudice under the Prison Litigation Reform Act's "three-strikes" rule.[3] *See* 28 U.S.C. § 1915(g).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action for the reasons stated in this order.

SO ORDERED.

Dated:   October 1, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] Plaintiff may commence a new federal civil action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).